UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

VICTOR LAMONT JORDAN SR.,      :
    Plaintiff,            :
                            :
v.                             :         3:24cv227 (VAB)
                            :
DEPARTMENT OF CORRECTIONS,    :
et al.,                    :
    Defendants.          :

**INITIAL REVIEW ORDER**

Victor Jordan ("Plaintiff"), a sentenced inmate housed at Cheshire Correctional

Institution ("Cheshire") in the custody of the Connecticut Department of Correction ("DOC"),

filed this civil rights complaint under 42 U.S.C. § 1983.[1] Compl., ECF No. 1.

Mr. Jordan asserts violation of his rights under the United States Constitution and the

Americans with Disabilities ("ADA") and Rehabilitation Act ("RA") while he was housed at

DOC's Garner Correctional Institution ("Garner") and Cheshire Correctional Institution

("Cheshire"). He asserts his claims against DOC, and DOC employees Commissioner Quiros,

District Administrator Rodriguez, Population Management Official Lee, Deputy Commissioner

Mulligan, Deputy Commissioner Maiga, Central Office Official Greene, Central Office Official

Nicholson, External Affairs Official Martucci, Mental Health Supervisor Kocienda, Dr.

Richeson, Medical Supervisor Olivares, and Medical Supervisor Galagaher; Garner employees

---

[1] Information on the Department of Correction ("DOC") website shows that Mr. Jordan was sentenced on December 4, 2008, to a term that has not yet expired. *See* http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=339978 (last visited March 19, 2024); *see also Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006); *Kelley v. Quiros*, No. 3:22-cv-1425 (KAD), 2023 WL 1818545, at *2 (D. Conn. Feb. 8, 2023) (taking judicial notice of state prison website inmate locator information). http://www.ctinmateinfo.state.ct.us/detailsupv.asp?id_inmt_num=165080.

Warden Washington, Deputy Warden McKnish, LPRN Caroline Sanders, Dr. Valletta, Captain

Wright, Lieutenant John Doe, John Doe 2, John Doe 3, John Doe 4, Dr. Burns, and Captain

Jackson; and Cheshire employees Warden Reis and APRN Debra Cruz. Mr. Jordan asserts his

claims against defendants in their individual and official capacities.

For the following reasons, the Complaint is **DISMISSED** for its failure to comply with

Federal Rule of Civil Procedures Rule 8.

## I.        LEGAL STANDARD

The Prison Litigation Reform Act requires that federal courts review complaints brought

by prisoners seeking relief against a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. § 1915A(a). Upon review, the Court must dismiss the complaint,

or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which

relief may be granted, or seeks monetary relief from a defendant who is immune from such

relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). The Court has thoroughly reviewed all factual

allegations in the complaint and conducted an initial review of the allegations therein pursuant to

28 U.S.C. §1915A.

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff plead only "a short

and plain statement of the claim showing that the pleader is entitled to relief," see Fed. R. Civ. P.

8(a)(2), to provide the defendant "fair notice of what the . . . claim is and the grounds upon

which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff's "[f]actual

allegations must be enough to raise a right to relief above the speculative level" and assert a

cause of action with enough heft to show entitlement to relief and "enough facts to state a claim

to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. A claim is facially

plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Federal Rules of Civil Procedure do not require "detailed factual allegations," a complaint must offer more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." Twombly, 550 U.S. at 555–57. Plausibility at the pleading stage is nonetheless distinct from probability, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the claim] is improbable, and . . . recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks omitted).

Complaints filed by pro se plaintiffs, however, "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F. 3d 471, 474 (2d Cir. 2006)) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101-02 (2d Cir. 2010) (discussing the "special solicitude" courts afford pro se litigants). However, even self-represented parties must comply with Rule 8 and the other rules of pleading applicable in all federal cases. *Cerilli v. Bysiewicz*, No. 3:21CV01738(SALM), 2022 WL 844557, at *1 (D. Conn. Mar. 22, 2022)

## II.     DISCUSSION

Mr. Jordan's 241-page complaint consists of fifty-six pages of allegations and 185 pages of exhibits. Mr. Jordan is asserting claims against DOC employees at two different correctional institutions and DOC central office for violation of the ADA, RA, his federal and state constitutional rights based on retaliation, deprivation of court access, various medical and mental

health deprivations, equal protection violation, deliberate indifference to his conditions of

confinement, the use of force by correctional staff, and restrictive housing placement without due

process. Mr. Jordan indicates that he asserts his causes of action against DOC supervisory,

correctional and medical staff members who work at Cheshire, Garner and the DOC's Central

Office. In his introduction, Plaintiff states:

1. In this action, Plaintiff has been subjected to severe pain and anguish, cruel and unusual punishment, due process violations, failure [to] treat medical issues, denial and prevention of medical care, false imprisonment in violation of the Protect Act. Failure to reasonably accommodate, placement in atypical environments, denied adequate un-biased mental health care, deliberate indifference and retaliation, Equal Protection

2. The Defendants[] as a whole and in part as individuals, violated Plaintiff['s] human, civil rights, they did in fact violate his American with Disabilities and Rehabilitation, rights, as set by the Dep't of Justice, the U.S. Gov. Defendants' discriminated against Plaintiff, and refused and denied him his equal rights, as a disabled person.

ECF No. 1 at 4.

### A.      Failure to Comply with Federal Rule of Civil Procedure 8

A complaint must "give each defendant fair notice of what the plaintiff's claim is and the

ground upon which it rests." *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001)

(summary order). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint's claim

for relief must be "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(1)-(2). Rule 8 provides further that that "each allegation must be

simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Rule 8 requires that a statement for relief be

plain "because the principal function of pleadings under the Federal Rules is to give the adverse

party fair notice of the claim asserted so as to enable him to answer and prepare for trial."

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The requirement that the statement be

"short" is important "because unnecessary prolixity in a pleading places an unjustified burden on

the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Id.* (citation and internal quotation marks omitted).

Here, Mr. Jordan has filed a Complaint that is neither short nor plain. His allegations are not "simple, concise, and direct." The Court cannot discern from the Complaint—as presently drafted—what specific claims Mr. Jordan is asserting and how all of the individuals named in each cause of action are actually involved in any claimed constitutional violation.

As he is seeking monetary damages from the individual defendants, Mr. Jordan must allege facts that establish the personal involvement of that defendant in the alleged constitutional violation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). This is true with respect to supervisory officials, as well. *Tangreti v. Bachman*, 983 F.3d 609, 620 (2d Cir. 2020). Thus, Mr. Jordan must "plead and prove the elements of the underlying constitutional violation directly against the official without relying on a special test for supervisory liability." *Id.*

Accordingly, Mr. Jordan's Complaint fails to provide to adequate notice to the Court and to Defendants of the grounds for his claims against them, and will be dismissed without prejudice for failure to comply with the pleading standards under Federal Rule of Civil Procedure 8.

If f Mr. Jordan wishes to pursue his constitutional claims for damages against DOC staff members, he may file an Amended Complaint to allege nonconclusory factual allegations that clearly set forth the circumstances underlying each of his claims for relief. His allegations must

state facts about how any defendant whom he seeks to hold liable for damages violated his rights through his or her conduct because a defendant's personal involvement in an alleged constitutional violation is a prerequisite to hold a defendant liable for an award of damages under section 1983. *See Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006).

Plaintiff is also advised that he "has no right to maintain two actions on the same subject in the same court against the same defendants at the same time" and, therefore, he may not include in any amended complaint filed in this action a claim or action that he has filed in any other prior pending action. *See Jordan v. Martin*, No. 3:24-CV-251 (VAB), 2024 WL 3226334, at *6 (D. Conn. June 28, 2024) (dismissing claim proceeding in another case).

**B.      Misjoinder**

Federal Rule of Civil Procedure 20(a)(2) permits joinder of multiple defendants in one action if: first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences"; and second, "any question of law or fact common to all defendants will arise in the action." The Court may "drop a party" or "sever any claim against a party" that it finds to be improperly joined. Fed. R. Civ. P. 21. Mr. Jordan's Complaint has misjoined claims in a single complaint.

With respect to the first requirement of Rule 20(a), what constitutes the same "transaction" or "occurrence" is approached on a case-by-case basis. *Dixon v. Scott Fetzer Co.*, 317 F.R.D. 329, 331 (D. Conn. 2016). Whether claims arise out of the same transaction depends on the logical relationship between the claims and whether the "essential facts" of the claims "are so logically connected that considerations of judicial economy and fairness dictate that all

the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978). The

same transaction requirement "means that there must be some allegation that the joined

defendants conspired or acted jointly." *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151,

154 (D. Conn. 2008) (internal quotation marks omitted). The second requirement—that a

question of law or fact common to all defendants will arise in the action—is met where "the

court finds that there is 'substantial' overlap in questions of law or fact across the claims." *Ardolf

v. Weber*, 332 F.R.D. 467, 479 (S.D.N.Y. 2019).

   Mr. Jordan's Complaint describes unrelated incidents of mistreatment at two different

correctional facilities. In essence, Mr. Jordan seeks improperly to assert multiple lawsuits in this

single action based on factual predicates that are not sufficiently factually or temporally related

so that all of the claims should proceed in a single action. Judicial economy will not be facilitated

by retaining all of Mr. Jordan's claims in a single action as all of claims do not arise from the

same transactions and occurrences. Notably, discovery and trial would be hindered by the

necessity for several different sets of evidence and separate proofs.

   Thus, the asserted claims are improperly joined in a single Complaint and several are

subject to severance under Federal Rule of Civil Procedure 21. *See Carilli v. Semple*, No. 3:19-

CV-01922 (JAM), 2020 WL 2097741, at *4 (D. Conn. May 1, 2020) (concluding complaint

misjoined multiple claims against Defendants at different institutions).

   Thus, the Court does not reach the substance of the allegations in the Complaint, and will

instead require Mr. Jordan to submit an Amended Complaint before engaging in a full initial

review under Section 1915A.  Any Amended Complaint should include only related claims and

shall list only the defendants involved in those claims in the case caption.

### III.    CONCLUSION

Mr. Jordan's Complaint is **DISMISSED** for failure to comply with Federal Rule of Civil Procedure 8. Mr. Jordan may file—on or before **October 11, 2024**—an Amended Complaint that complies with Federal Rule of Civil Procedure 8 and 20.

Any Amended Complaint shall assert only claims arising from a single occurrence and name as defendants only those persons involved in that claim. Plaintiff must allege concise facts in the body of any complaint under 42 U.S.C. § 1983 to describe how each defendant is liable for violation of his constitutional or statutory rights. Any Amended Complaint must also clearly state in its caption which entities and/or persons are defendants.

An Amended Complaint will "replace and supercede in its entirety the previous complaint." *Inkel v. Lamont*, No. 3:22-CV-00439 (SVN), 2022 WL 3910814, at *1, n. 1 (D. Conn. Aug. 31, 2022). The purpose of this rule is to "ensure that all of the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him" and to "eliminate[ ] the confusing nature of 'piecemeal' amended complaints." *Id.*

Plaintiff's motion for preliminary injunction and temporary restraining order [ECF No. 10] seeking a court order for a medical mattress, eggshell foam, a wedge, a foam roll for lower back massage, and memory foam pillow is **DENIED** without prejudice to refiling, only after the Court has determined whether he has alleged any plausible claims related to this request.

**SO ORDERED** at New Haven, Connecticut, this 23rd day of August, 2024.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE